## THE CITY OF BLOOMINGTON

### *v.*

## WILLIAM T. M. MILLER.

1. EMINENT DOMAIN—*unconditional judgment erroneous.* In a proceeding by a city to condemn land for a street, it is irregular and erroneous to render an unconditional judgment for the payment of the compensation and damages found by the jury. The order should simply fix the sum to be paid before taking the property sought to be condemned, leaving the city free to abandon the improvement if it so chooses.

2. If the amount so adjudged is to cover damages to other parts of the property not taken, all this should be distinctly stated in the order.

3. SAME—*when cross-petition necessary.* Where a part of a lot is sought to be condemned by a city for a street, damages as to the part not sought to be appropriated may be allowed without any cross-petition by the owner.

4. The ascertainment of the just compensation to the owner, for taking away a part of his lot, of necessity involves the consideration of the value of the whole property intact, and the value of that part not taken after the proposed part shall have been taken.

WRIT OF ERROR to the Circuit Court of McLean county.

Mr. IRA J. BLOOMFIELD, for the appellant.

Messrs. HUGHES & McCART, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a proceeding, by the city of Bloomington, under article 9 of the general incorporation act for cities and villages, to condemn, for the purposes of a street, a defined strip of land off the entire west end of block 3, in Miller's second addition. The petition shows that this land proposed to be so taken is the property of appellee, and that lot 10 of that block

(a part of which lot 10 is embraced in the strip of land to be taken) is also the property of appellee.

Under the direction of the court, the jury rendered a special verdict, and, instead of returning in bulk the gross amount which, in their judgment, they find as just compensation for taking said strip of land, (including the value of the land taken, and the damages to the part of lot 10 not taken,) the jury found the just compensation for the strip of land to be taken to be $1000, and the damages to be paid appellee, as damages to lot 10 in said block for taking said strip, to be $500.

Thereupon, the court entered two judgments, one that appellee have and recover of the city $1000, his just compensation as aforesaid, and another that he have and recover $500, his damages aforesaid, etc., and added an order vesting in the city the title on payment of these two judgments.

It was irregular and erroneous to render a judgment *quod recuperet* against the city. The proceeding was, simply, for the purpose of ascertaining and fixing judicially the amount which the city should pay as just compensation, in order to be entitled to take that property for public use as a street. The judgment should simply be, in substance, an adjudication that the amount found is a just compensation to be paid by the city for the taking of the property sought to be condemned. If the amount so adjudged is to cover damages to other parts of the property not taken, as well as the price of the property taken, all this should be distinctly stated in the order. A judgment that the owner of the property shall *unconditionally recover* any given amount of the city, is wrong. The city is under no legal obligations to pay any money whatever, unless it chooses so to do. The city has the right to abandon the improvement. This proceeding merely fixes the amount to be paid before the property can lawfully be taken.

It is insisted that the damages to lot 10 can not properly be considered without a cross-petition by appellee, and the *Mix case** is referred to as authority for this position. The cases

---

**Mix* v. *Lafayette, Bloomington and Miss. Railway Co.* 67 Ill. 319.

are not analogous. In that case, the damages relied upon related to property not mentioned in the petition, no part of which was taken or even touched by the proposed improvement. In this case, as we understand the record, this lot 10 is a part of the property mentioned in the petition, from which a part is proposed to be taken. It is difficult to separate, in the mind, that which might be regarded the inherent value of the part taken, from what may be regarded its special value as an attachment to the part left, or as a part of the whole lot when intact. The ascertainment of the just compensation to the owner for taking away a part of his lot, of necessity involves the consideration of the value of the whole property intact, and the value of that part of the lot not taken, when contemplated as after the proposed part shall have been taken. This subject matter needed no cross-petition.

It seems evident, from this record, that the substance of what the jury, by their verdict, say, is, that they regard $1500 as a just compensation for the proposed taking of this property,—$1000 as the inherent value of the property taken, and $500 as a reward for the depreciation of the part of the lot left. The form in which this is expressed in the verdict is not the most appropriate, but this is plainly the substance of the finding.

The judgment must be reversed, and the cause remanded with directions that judgment be entered upon the finding, adjudging that $1500 is just compensation to be paid by the city of Bloomington to appellee for the land taken, and the damages to the part of the land not proposed to be taken; and that, upon the payment of that sum to him, the city may take possession of said land, and appropriate the same to the public use for the purposes proposed in said petition.

*Judgment reversed.*

Mr. JUSTICE SCOTT: It does not appear lot 10 was described in the petition, and hence appellee, in my opinion, could recover nothing, in any event, for damages to that lot, unless upon cross-petition, as in the *Mix case.*