THE ILLINOIS WESTERN EXTENSION RAILROAD COMPANY

*v.*

EDWARD MAYRAND.

1. CONDEMNATION—*sufficiency of verdict.* A verdict in a proceeding to condemn land for right of way by a railroad company which finds that the land owner "is entitled as compensation the sum of $420, and as damages the sum of $411.25, a total sum of $831.25," is sufficiently certain.

2. SAME—*whether cross-petition necessary.* Where the petition for right of way for a railroad shows that the defendant is the owner of an entire tract of

land, and the petitioner proposes to appropriate a strip running through the tract described, it is not necessary for the defendant to present a counter petition in order to obtain damages for land not taken, in the same proceeding.

APPEAL from the County Court of Kankakee county; the Hon. C. R. STARR, Judge, presiding.

Messrs. LAKE, MOORE & KNOTT, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a proceeding to condemn, for the use of appellant, a strip of land (on which to operate a railroad) one hundred feet wide and passing through a section of land belonging to appellee. The compensation was ascertained by a jury which was sworn according to law. By the verdict the jury say they "find that Edward Mayrand is entitled as compensation the sum of $420, and as damages the sum of $411.25, a total sum of $831.25." On this verdict judgment was entered authorizing the railroad company to take the land for the purposes, etc., on payment of the sum so found by the jury.

Appellant insists that the verdict is uncertain, and puts the questions, " Compensation for what? Damages for what?"

The statute provides, "that private property shall not be taken or damaged for public use without just compensation, and that * * * such compensation shall be ascertained by a jury."

The language of the verdict might have been more explicit, but the plain meaning of it is that compensation for the land taken is fixed at $420, and compensation for damages to the land not taken is fixed at $411.25, and that the sum of $831.25 is just compensation for both.

It is insisted that no damages to other land could be assessed without a counter petition by the land owner setting up the facts relied upon as the basis for such damages.

Where the petition, as in this case, shows that the defendant is the owner of an entire tract of land, and that the petitioner proposes to appropriate a strip running through the

tract described, there can be no need of a counter petition. The whole matter was properly before the jury.

It is said the amount is excessive. This we can not inquire into. The proofs are not preserved in the record. The jury also personally inspected the premises. The effect which such inspection produced upon the judgment of the jury can not be estimated by this court from anything found in this record.

The judgment must be affirmed.

*Judgment affirmed.*