## Joseph Dickson, Receiver, etc., v. Floyd K. Epling et al.

1. PROPERTY DAMAGED FOR PUBLIC USE—*Owner's Remedy.*—Where private property has been damaged for public use, but not taken, the owner may have his action at law for the ascertainment and recovery of the just compensation to which he is entitled under the constitution, and in such action he may recover all damages, past, present and future.

2. SAME—*Nature of the Judgment—Limitations.*—The judgment rendered in such an action has the same and no greater force than other judgments at law. Its lien expires in seven years, after which the lien can not be enforced at law or in equity.

**Petition for an Order on a Receiver, etc.**—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895.. Reversed and remanded, with directions. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

The appellees, owners of premises abutting upon a street in the city of Waverly, obtained judgments June 20, 1883, against the Jerseyville & Springfield Railroad Company for damages to such premises occasioned by the construction and operation of the railroad along and upon said street. Executions upon such judgments were issued and returned not satisfied.

In 1888, the St. Louis, Alton & Springfield Railroad Company acquired the railroad property, franchises, etc., of the Jerseyville & Springfield Company, and executed a first

Dickson v. Epling.

morgtage thereon to the Farmers' Loan & Trust Company, and a second mortgage to the Atlantic Trust Company, both mortgages being to secure certain of its bonds issued to said trust companies respectively.

In October, 1890, B. F. Johnson and others filed a bill in chancery in the Circuit Court of Sangamon County alleging the said St. Louis, Alton & Springfield Railroad Company was indebted to them for work done and material furnished, etc., upon the road, and praying for liens and equitable relief, etc. Joseph Dickson was appointed receiver in the course of proceedings under this bill and the railroad property placed in his hands, to be operated and administered under the order of the court.

The mortgagees before named filed intervening petitions in the cause asking decrees of foreclosure and sale of the property.

The appellees also filed intervening petitions in which they allege their judgments have not been paid, and are liens upon the property in the hands of the receiver, and praying for an order requiring the receiver to pay the same with interest and cost, and that he be restrained from using and operating the railroad along and upon said street until such payment be made.

Upon a hearing, the Circuit Court held a lien existed upon such property in favor of the appellees for the amount of damages inflicted upon their property respectively by the construction of the road, and that it was superior and paramount to the rights of subsequent purchasers, mortgagees and creditors, and was not defeated by the statute of limitations.

The court accepted the judgments rendered in favor of the appellees as showing correctly the amount of such damages, and directed the receiver to pay same, excluding interest and costs.

The receiver appealed from the order and decree.

Stevens & Lamphier, E. S. Robert and E. Smith, attorneys for appellant, contended that the right to recover dam-

ages under this constitutional provision is barred by the statute of limitations precisely as any other cause of action is. Penn. Ins. Co. v. Heiss, 141 Ill. 35; C. E. & I. R. R. v. McAuley, 121 Ill. 160; C. E. & I. R. R. v. Loeb, 118 Ill. 203; Shortell v. L. & N. R. R. (Ind.) 30 N. E. Rep. 639; Shortell v. Terre Haute R. R. (Ind.), 30 N. E. Rep. 1084; ,Harshbarger v. Midland R. R. (Ind.), 27 N. E. Rep. 352; Porter v. Midland Ry., 125 Ind. 476; Cass v. Pa., etc., Co., 159 Pa. St. 273; In re Grape Street, 103 Pa. St. 121; Omaha v. Moschell (Neb.), 56 N. W. Rep. 875; Oregon v. M. & L. R. R. (Ark.), 11 S. W. Rep. 96; Lewis on Eminent Domain, Sec. 664, and cases in note.

The constitution secures the right of compensation; the remedy is left to the legislature. Constitution of Illinois, Art. II, Sec. 13; Lake Shore R. R. v. C. & W. R. R., 97 Ill. 506; Cupp v. Board of Commissioners, 19 O. St. 173–184; Lewis on Eminent Domain, Sec. 664, and cases.

Equity follows the law, and regards a delay for the statutory period such *laches* as to bar relief. Harris v. McEntire, 118 Ill. 275; Greenman v. Greenman, 107 Ill. 404; Lequatte v. Down, 101 Ill. 677; Gardiner v. Watson, 83 Ill. 386; Supervisors v. Drainage Co., 52 Ill. 154; Harris v. Mills, 28 Ill. 44; Wingate v. Pool, 25 Ill. 118; Manning v. Warren, 17 Ill. 267; Lloyd v. Karner, 45 Ill. 62; Stone v. Gardiner, 20 Ill. 304; Dickermann v. Burgess, 20 Ill. 266.

When a cause of action is reduced to judgment, the same is merged in such judgment. Black on Judgments, Sec. 674.

WILLIAM L. GROSS and MORRISON & WORTHINGTON, attorneys for appellees, contended that the claims were superior to, and a prior lien upon the line of railway, under the constitution of the State, section 13, article II, as settled by the decision of the case of the Penn. Mutual Life Ins. Co. v. Heiss et al., 141 Ill. 35.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Where private property has been damaged for public use, but not taken, the owner may have his action at law for the

Dickson v. Epling.

ascertainment and recovery of the "just compensation" to which he is entitled under the constitution. C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203; O. & M. R. R. v. Wachter, 123 Ill. 440.

In such action all damages, past, present and future, may be recovered. The remedy is in all respects ample and adequate to give the injured party relief, and is declared by the Supreme Court in Penn Mutual Life Ins. Co. v. Heiss, 141 Ill. 35, to be exclusive, and that resort to chancery is only allowable when such course is necessary to enable plaintiff to enforce collection of his judgment.

The judgment rendered in such an action has the same and no greater virtue or force than other judgments at law. The lien thereof expires in seven years.

It is not contended the judgments obtained by the appellees in 1882, the liens thereof having expired, had virtue or were in any way effectual to entitle the appellees to the priority accorded their demands by the order of the Circuit Court, from which this appeal is prosecuted.

This action of the court seems to have been based upon an expression of the Supreme Court in Penn Mutual Life Ins. Co. v. Heiss, *supra,* as follows:

" The right to compensation before the owner can be deprived of his property being secured by a constitutional provision, such title can not be divested except upon the payment of the compensation (or its equivalent) by any act of the legislature, or of the railroad company, and an alienee or incumbrancer thereof will take *cum onere* the right of such owner to compensation and is not an innocent purchaser."

This remark was made with reference to the rights of the owner of land taken for public use, but after expressions in the opinion, it is argued, justify the insistence; the same rule is applicable when the rights of an owner of property damaged but not taken is to be determined, and that his right to compensation is absolute and enforcible as long as that part of the railroad whereby the damage has been occasioned, is used as a part of the line of road.

Without stopping to specially notice the observations of the court thus referred to, we may, having reference to other decisions of the same court, safely assume they do not bear the interpretation sought to be put upon them, and as we shall hereafter see, it was not necessary to the proper decision of the case any ruling should be made upon the point.

The case of C. & E. I. R. R. Co. v. McAuley, 121 Ill. 160, was an action at law by McAuley to recover damages to property " not taken," but damaged and depreciated in value by the construction of the railroad of the appellant company in close proximity to it. The court ruled there was nothing in the nature or character of the plaintiff's demand which could operate to take the action out of the operation of the statute of limitations, and the judgment in his favor was reversed on the ground his right to recover " just compensation " for the injury inflicted was barred by his delay in bringing his suit. In short, that the statute of limitations might be successfully invoked to defeat the collection of a demand which, the argument is, is absolutely enforcible as long as the company insists upon a continuation of the use of that part of the road whereby the damage was occasioned.

It appeared in the Heiss case, *supra*, the Jacksonville Southeastern Railroad Company executed mortgages upon a line of road it contemplated building and the mortgage was duly recorded. Afterward it constructed a part of the line along and upon Chestnut street in Centralia, whereby premises belonging to Heiss and others were damaged. These owners brought actions at law and recovered judgments at various dates during December, 1887, and January, 1888. Afterward, in June, 1888, and while the lien of the judgments in favor of Heiss and the others were in full force, the Jacksonville Southeastern Company transferred its road to the Louisville and St. Louis Railway Company, subject, of course, to such liens.

Heiss and others, plaintiffs in the common law judgments, while the lien of such judgments were still in full force and nowise impaired, filed a bill in chancery praying the lien of their judgments be declared superior to that of the mort-

gage, or their demands be declared paramount to the rights of the mortgagee.

Mr. Justice Shope, who delivered the opinion of the court, after stating the facts, said :

" The principal question presented in the case is whether the judgments in favor of the appellees (Heiss et al.) were entitled to priority, &ast;  &ast;  &ast;  or was the lien of the mortgage paramount and entitled to priority as against the judgments."

Tersely stated, the question was, could a railroad company, by executing a mortgage upon a contemplated line of road, give the mortgagees a lien upon the road when completed, superior to the claims of persons whose property was injured by the construction of the road ?

The court ruled it was apparent upon the face of the mortgage the railroad was not completed, and the mortgagees were presumed to know the right of way must be acquired, and that private property might be damaged by the construction of the road through cities, and were chargeable with notice the constitution required just compensation be paid therefor, and that the railroad company when completing the road and thereby perfecting and appreciating the security of the mortgage, was to be deemed the agent of the mortgagees, and that the mortgagees could not be allowed in equity to avail themselves of additional security as it had been perfected by the completion of the road without incurring the obligation to discharge the liability of the railroad to owners of private property, damaged by the work of completing the road.

Clearly, whether the right of the owner of private property damaged but not taken for public use continued enforcible as long as the road was used, without regard to the intervening rights of others, was not necessary to be determined.

In the case at bar the appellees recovered judgments at law in June, 1882, against the Jerseyville & Springfield Railroad Company. Executions thereon were returned " *nulla bona* " and the judgments allowed to stand without further action

upon the part of the plaintiffs until they filed this intervening petition in the Johnson suit, June 27, 1891, a period of more than nine years after the judgments had been entered. The lien of the judgment, had expired more than two years when the appellees sought the intervention of a court of equity.

In the meantime since the rendition of the judgments another company had acquired the property and franchises of the company whose acts inflicted the damage upon the appellees' property, and this latter company had contracted liabilities to the trust companies for borrowed money, and to private persons for work and labor and material furnished and contracts performed for it.

So the question presented was as to the relative legal and equitable rights of the appellees and the creditors of the present company, represented by a receiver, and the present company itself.

We have seen there is nothing in the nature or character of the claims of the appellees to remove them from the operations of the statute of limitations in courts of law. C. & E. I. R. R. Co. v. McAuley, 21 Ill. 60.

If the Springfield and Jerseyville Railroad Company had not parted with the railroad, but continued to own and operate it until June 27, 1891 (the date appellees appeared as intervenors in this case), and was then operating it, and the appellees had then for the first time invoked the aid of the law against it to recover their damages, they would have been denied relief on the ground the time allowed them in which to take such action had expired.

The supposed doctrine, the right of appellees as owners of private property damaged for public use is absolute and enforcible as long as that part of the railroad whereby the damage has been occasioned is used, would not avail to defeat a plea of the bar of the statute of limitations. Had the appellees on the same date endeavored to seize property by virtue of the judgments in their favor against the company, the statute limiting the vital force and legal effect of their judgments to a period of seven years would have, as against third persons, defeated their efforts in that direction.

Dickson v. Epling.

If the perpetrator of the acts, whereby the property of the appellees was damaged, may successfully invoke the bar of the statute of limitations, and thereby defeat the only action which the appellees could maintain against it, surely one who purchased the railroad free of legal liens, and creditors of such purchaser—all of whom are guiltless of actual wrong against the appellees—should not be denied the like bar in a court of equity. As the judgments obtained by the appellees have no virtue to maintain the rights claimed by them, their intervening petitions as against the other parties whose interests are here involved can only be regarded as applications to a court of equity to ascertain the damages inflicted upon their property by the Jacksonville and Springfield Railroad Company, and for a decree for payment thereof out of the funds in the hands of the receiver, and as their claims are in no equitable point of view entitled to greater consideration than would be accorded them in a court of law, we think the court should have adopted the statute of limitations by analogy and ruled the claims "stale" and not enforcible against the receiver and those whom he represents.

We think the Circuit Court should have denied the prayer of appellees' petitions, not only upon the ground of *laches*, but we think the equities of the case demanded the same decree.

No equitable reason appears, so far as we can learn from the record, for charging the receiver of the present company with the duty of paying mere unpaid claims against a former owner of the road, or for appropriating to the payment of appellees' claims funds which equitably ought to be paid to the creditors of the present company represented by the appellant.

In the view we have of the case the decree appealed from must be reversed and the cause remanded, with directions to dismiss the petitions of the appellees at their cost.