## J. H. Bell, Appellee, v. Mattoon Waterworks and Reser= voir Company, Appellant.

1. EMINENT DOMAIN—*when judgment not res judicata.* When a petition to condemn does not describe any land of the defendant except that to be taken and no cross petition is filed by the defendant, a judgment rendered as the result of such petition is not *res judicata* of the question of damages to land damaged but not actually taken.

2. STATUTE OF LIMITATIONS—*what applies where real property damaged.* The five-year limitation period applies as to real property damaged but not actually taken.

Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 14, 1911.

CRAIG & KINZEL, for appellant.

C. C. LEE and J. H. MARSHALL, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff to recover from the defendant, Mattoon Waterworks and Reservoir Company, for alleged damages to property owned by plaintiff lying adjacent to lands taken by the defendant company by right of eminent domain for the purpose of establishing a reservoir to supply the city of Mattoon with water.

Plaintiff was the owner of one hundred and thirty-eight acres located in sections four, five, and nine, town eleven, north range seven east of the 3rd P. M. The defendant company was incorporated for the purpose of furnishing and supplying water to the city of Mattoon and its inhabitants under a section of the statutes providing for the incorporation of such companies. In the building of its reservoir and maintaining the same, it became necessary to use or occupy part of the premises owned by the plaintiff. Under the right of eminent domain, the defendant company condemned the lands necessary for its use. In the petition filed by the defendant company no lands were described excepting that which it was necessary for the defendant company to take and use. The balance of the property, which all consisted of one farm upon which plaintiff resided, was not mentioned in the petition to condemn, and the defendant company in that condemnation proceedings did not disclose by its petition that the plaintiff was the owner of any land other than that which they proposed to take under the right of eminent domain. Plaintiff did not file a cross petition setting forth that he was the owner of any other lands or that any other lands were being damaged or

injured by the construction or use of the reservoir to be built and maintained by the defendant company. In the condemnation proceedings the jury fixed the damages for the land to be taken and used by the defendant company; the verdict of the jury in that case was as follows: "We, the jury find that just compensation to the defendant, J. H. Bell, for the lands taken, described in the petition, is five thousand two hundred eighteen dollars and fifty-two cents." This condemnation proceeding was had in December, 1907.

The declaration alleges the ownership by the plaintiff of the property claimed to be damaged and sets forth the condemnation of the property taken by the defendant company, alleging that the plaintiff is the owner of other property than that taken by the condemnation proceedings, that the same all constituted one farm and that by reason of the construction of the reservoir and the maintaining of the same by the defendant company the lands lying adjacent thereto and which were not taken in the condemnation proceedings have been injured and damaged and it is to recover that damage that this action is brought. The trial below resulted in a verdict and judgment against defendant for $1,350.

The defendant company urges a reversal of that judgment and for cause thereof insists that the condemnation proceedings had before the county court of Coles county and which are set forth in the record herein is a complete bar to the maintenance of this action by the plaintiff on the ground of *res adjudicata,* that the action is also barred by the Statute of Limitations, that the court erred in the giving and refusing of instructions, and that the verdict is contrary to the law and the evidence and is excessive.

Upon the contention that the verdict is contrary to the evidence and is excessive, if the plaintiff is entitled to recover any damages it was a question of fact for

the jury to determine the amount of such damage under proper evidence and instructions in the trial below. The evidence is conflicting and varies considerably as to the amount of damages occasioned to the land. The lands taken by the defendant company in the condemnation proceedings divided the farm of the plaintiff so that fifteen acres remained on one side of the reservoir, and fifty-two acres upon the other side. The distance by ordinary travel around the public highways between these two tracts of land is something like two or three miles. The fifty-two acre tract was entirely cut off from the public highways. After a careful examination of all the evidence in the case, we cannot say that the verdict is not warranted by the evidence or that the damages are excessive.

Under the Eminent Domain Act, where condemnation proceedings are properly brought and can be maintained by the petitioner, the petitioner has the right not only to set forth in the petition the lands which it is required to be actually taken for its purposes but also to set forth and describe the lands lying adjacent thereto which are owned by parties a part of whose land is sought to be taken, alleging the damages to such adjacent land if any such damage will, or is likely to be caused by reason of the construction of the work upon the lands sought to be taken; but it is not necessary that the petition should set forth any other lands than those actually required to be taken. When a petition does not describe any land excepting that to be actually taken by the petitioner and no cross petition is filed by the defendant a part of whose land is proposed to be taken, the only question then involved under the pleadings is the value of the land actually taken. In the case of Jones v. C. & E. I. R. R. Co., 68 Ill. 381, upon the question of damages recoverable under an action to condemn, the Supreme Court has said: "The evidence shows appellant owned other lands

abutting the tract on which the railroad is constructed, but the court very properly instructed the jury they could only allow for damages occasioned to the property described in the petition. Had appellant desired to have damages assessed for injuries to contiguous lands owned by him, he ought to have filed a cross petition."

The practice in the courts of this state in eminent domain proceedings has uniformly been that where the petitioner only describes lands actually taken, the question of damage to contiguous land owned by parties whose land is to be taken is not a proper question to be determined without a cross petition setting forth the ownership of such adjacent lands and alleging damage thereto. The Supreme Court has universally held that where the petitioner sets forth the owning of the entire tract by the defendant, then a cross petition is unnecessary and the whole question of the value of the lands taken and of the damage to adjacent lands is necessarily involved in that proceeding. City of Bloomington v. Miller, 84 Ill. 621; I. W. E. R. R. Co. v. Mayrand, 93 Ill. 591.

The petition and order entered in the condemnation proceedings are offered in evidence for the purpose of showing *res adjudicata,* but the petition does not describe any land except that sought to be taken and the verdict of the jury was only for the land actually taken. The order authorizing the defendant company to take the land under the condemnation proceeding provided only for the payment of damages for lands actually taken. It is insisted by the defendant company that a plat was attached to the condemnation petition which plat had marked upon it lines indicating all of the land owned by plaintiff, and that this was sufficient to bring the entire question of the damages, not only to the land taken but damages to land not taken, into that record; but an examination of this plat, even if

it could possibly be made a part of the petition, does not even attempt to describe any land or show any land owned by the plaintiff, by any matter or description whatever, outside of the lands actually taken. While the law upon the question of *res adjudicata,* and for the purpose of determining that question, is that all matters which under the pleadings might properly be heard in that action are presumed and conclusively held to have been heard, it does not extend to any matter where under the pleadings the rights involved in that action could not be determined and are not shown to have been heard in that court from the records of that court, then the former action is not *res adjudicata.* The evidence heard upon the petition of condemnation is not offered in this record and the presumption is that that cause determined only such questions as were proper under the pleadings, and the condemnation proceeding is not *res adjudicata* as to the rights of the parties involved in this action. The building of this reservoir and its maintenance necessarily involved the confinement of a considerable body of water which might at any time overflow and damage the lands adjacent thereto. It was not necessary that the plaintiff herein should have filed a cross petition and undertaken to prove consequential damage by reason of the construction of the reservoir by circumstantial or speculative evidence, but he had the right to wait the determination of this question until the question of damages might be positively and specifically determined and bring his action at law for the recovery of such damages at any time within which the law permitted the action to be brought.

Upon the proposition that this cause of action is barred by the Statute of Limitations, the condemnation proceedings were had in December, 1907. Even if the right of action accrued at the time of the condemnation proceedings, as contended by defendant,

the right of action is not barred in two years, as contended for by defendant, but is controlled by section 15, chapter 83 of the Revised Statutes, and the contention of appellant that the cause of action is barred by the Statute of Limitations is not tenable. C. & E. I. v. McAuley, 121 Ill. 160.

Defendant criticises instructions number two and three given on behalf of plaintiff. On examination we do not find them subject to the criticism made, and find no error in giving them. Defendant also complains that the court erred in refusing to give instructions designated as defendant's refused instructions number two, four and six. There is no element involved in these instructions which was not included in those given, and all of the questions therein raised were properly and sufficiently given to the jury by other instructions; it was not error to refuse them.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*