### SMITH *vs.* THE CITY OF ATLANTA.

1. Although a municipal corporation had the right, under its charter, to establish a system of grading and drainage, yet this should have been done so that it would not prove a nuisance to the citizens; and if a culvert were dug across a street whereby the surface water from the lands of adjacent proprietors was gathered, charged with the filth of sinks, and thrown upon the land of another, producing noxious scents and sickness, and rendering the enjoyment of her property impossible, the city would be liable for damages.

2. The sewer being under the control of the city, if it be a nuisance, the city alone could abate it, and not to do so would be equivalent to maintaining and keeping it up; it would be a continuing nuisance, and for its maintenance the city would be liable.

(*a.*) The evidence was sufficient to carry the case to the jury, and a non-suit was wrong.

February 17, 1886.

Municipal Corporations. Streets and Sidewalks. Nuisance. Damages. Non-suit. Before Judge CLARK. City Court of Atlanta. June Term, 1885.

Two cases, brought in 1882 and 1883 respectively by Mrs. Smith, against the city of Atlanta for damages, were tried together. The testimony for the plaintiff showed, in brief, as follows: The city had changed a culvert from one point on Hunter street to another, and had extended it diagonally across the street and changed its direction, and so maintained it; before that time, there was sufficient fall in the drain to carry off the sewage, but since then the drainage had to be carried further and with a less fall in proportion to distance, and at every hard rain the lot of the plaintiff was overflowed and foul deposits were left upon it, rendering it unhealthy and offensive as a residence, producing sickness and damaging its rental value from one-third to one-half. Prior to its construction, there was a gully or natural drain which carried off the water; this ran near the edge of the plaintiff's lot, but not on it. About 1870, Hunter street was worked out and graded, and the place where the drain was was filled up several

feet. This rendered a sewer or culvert necessary, and as a part of the system of grading and draining the streets, this culvert and change in its direction and location occurred. An engineer testified that he thought it was in the wrong place; but when asked whether the city engineer, who was in office at the time of its construction, was a skilful engineer, he answered in the affirmative.

On motion, the court awarded a non-suit, and the plaintiff excepted.

FRANK A. ARNOLD; REUBEN ARNOLD, for plaintiff in error.

W. T. NEWMAN; E. A. ANGIER, for defendant

BLANDFORD, Justice.

This was an action for damages, brought against the city of Atlanta, for digging a culvert across Hunter street, whereby the surface water from the lands of adjacent pro·prietors was gathered, charged with the filth of sinks and thrown upon the land of plaintiff, thereby producing noxious scents, sickness and great hurt and inconvenience to plaintiff. In a case growing out of this same transaction, *Reid vs. City of Atlanta* (73 *Ga.*, 523), this court reversed the court below sustaining a demurrer to this declaration, and holding that this was a continuing nuisance. The plaintiff introduced evidence tending to establish the allegations in her declaration. Upon motion of defendant, the court awarded a non-suit, and this is excepted to by the plaintiff, and error assigned thereon.

1. It is contended that, as the city had the right to establish a system of " grading and drainage" by its charter, it is not liable for damages done to private citizens if the same was done skilfully. With this view we do not concur. The grading and drainage must be done so that the same will not prove a nuisance to the citizens, impairing the health of families and producing noxious scents,

thereby rendering the enjoyment of their property impossible. If it be so done, the city will be liable for damages.

2. Again, the defendant in error insists by its able and learned counsel that, as the sewer was dug in 1870, and it had done nothing to it since that time, that plaintiff's action is barred by the statute of limitations.

This sewer was and is under the control of the city; if it be a nuisance and the city has not abated it, no one else could; not having abated it, the city may be said to have maintained it and kept it up, and it is thereby a continuing nuisance, for the maintenance of which the city is liable.

The evidence submitted by the plaintiffs was sufficient to carry this case to the jury, and the non-suit was therefore wrong.

Judgment reversed.