THE ATHENS MANUFACTURING COMPANY vs. RUCKER.

1. The verdict in this case was not contrary to law or evidence, but in accordance therewith.

2. Where, in a suit for damages to land arising from the erection of a dam and the subsequent increasing of its height, the declaration alleged that the waters of a creek flowing into the river in which the dam was erected, had been caused to overflow the plaintiff's land, and that the defendant caused the height of the stream passing through the plaintiff's land to rise nearer to a level with the surface of the land, rendering it moist and wet and injuring it for purposes of cultivation, there was no error in refusing to charge to the effect that, to sustain the plaintiff's alleged right to recover, he must show that back-water from the dam comes in contact with his land, and that unless this be done, the consequences are not within the scope of this action.

3. Although a dam may have remained unchanged for twenty years, yet if, during that time, it caused the filling up of the stream and the plaintiff's land with sand, increasing the height of the water and injuring and damaging the plaintiff, this was an invasion of his land, and he had the right to recover for any injury that occurred to him within four years preceding the bringing of his action.

4. Whenever the right to enjoy one's property to its fullest extent is invaded and injury arises therefrom, he may recover any damages sustained by reason of such invasion, nor is he bound to do anything to avoid the consequences thereof.

5. Grounds of a motion for a new trial to the effect that the verdict is contrary to certain specified charges of the court, are equivalent to saying that the jury found contrary to law, and are included in the general ground that the verdict is contrary to law:

6. There was no error in admitting the testimony of three witnesses to the effect that sand was backed up in the mouth of the creek, and gradually accumulating back in the channel thereof, as it flows through land formerly belonging to one of the witnesses; the use of this testimony made by the plaintiff being, to argue that other sand lodged against this and finally accumulated up the channel of the creek in the plaintiff's land, and raised the water in the banks of the creek flowing through it.

November 29, 1887.

Damages. Negligence. Water-courses. Mill-dams. Trespass. Pleadings. Evidence. New trial. Before Judge HUTCHINS. Clarke superior court. April term, 1887.

The plaintiff bought and went into possession of his land in 1870. Sandy creek flows into the Oconee river about one and a half miles from the land, at a point not quite two miles above the dam. The bottoms in plaintiff's land were in good order in 1868, when the factory dam was raised eight or twelve inches; after that the ditches began to be filled with sand, and as fast as cleaned out would fill up again. The condition of the land was worse in 1871 than in 1870, and continued to grow worse; it became wet and soggy, and some of it had to be abandoned. The creek began to be filled with sand, and when the ditches were cleaned out, water would run from it into them so that they would not dry the land. After the dam was raised, it required a longer time for the river to recede after a rain than before. Before the dam was raised, the land would dry quickly enough, but afterwards it would become saturated and remain wet for a week. The "dead water" of the dam caused the sand to bank up in the creek and to fill its bed, until the influence of the dam was felt for miles above it. If it were lowered, the fall thus given to the river would cause it to clean out its channel, and then the sand, not being obstructed by the water of the river, would be washed out by the water of the creek, and the plaintiff's land would be drained; the dam is what causes the creek to fill up.

The foregoing facts, among others, appeared from the plaintiff's evidence. For the remainder of the report, see the decision.

BARROW & THOMAS, for plaintiff in error.

E. K. LUMPKIN, and T. W. RUCKER *in propria persona,* contra.

BLANDFORD, Justice.

Rucker, in 1873, brought his action on the case against the Athens Manufacturing Company, in which he alleged

that this company had injured and damaged him $5,000; in that they had erected a certain dam across the Oconee river, and had afterwards increased the height of the dam a number of inches, and thereby caused the waters of Sandy creek and of the river to overflow his land, and furthermore caused the height of the stream passing through his land to rise to a nearer level with the surface of the land, rendering his land moist and wet and injuring it for purposes of cultivation.

The jury rendered a verdict in favor of Rucker; whereupon the defendant moved for a new trial, which was denied, and the case was brought here upon the exceptions assigned in the motion for a new trial.

1. The first and second grounds of the motion are, that the verdict is contrary to law, and is without evidence to support it. The evidence consisted of the testimony introduced by the plaintiff in the court below, no evidence being introduced by the defendant. The plaintiff and his witnesses testified that, by reason of this dam, the water in the river and the creek which ran along and through the plaintiff's lands, was raised and percolated through his land, which became wet and soggy, and that he was thereby injured and damaged. This testimony was not contradicted by the defendant in the court below. We think, therefore, that the first and second grounds of the motion are not well-taken, and that the verdict is not contrary to law and to the evidence, but is in accordance therewith.

2. The third ground of the motion is, that the court erred in refusing to charge the jury, as requested by defendant's counsel, as follows: "In this case, the plaintiff claims damages on account of the overflow of his land by the back-water of defendant's dam, which back-water, he says, covers his land, and also by causing the water to rise in the banks of the stream passing through plaintiff's land, thus bringing the surface of said land nearer the water level, and wetting the land. These results, he says in his declaration, were caused by the erection of defendant's dam.

In order to sustain his alleged rights to recover in this case, he must show that back-water from the dam comes in contact with the plaintiff's land; unless, therefore, the back-water comes in contact with the plaintiff's soil, the consequences are not within the scope of the present action, and you should find for the defendant."

We understand the declaration differently from the plaintiff in error. Whilst it is true that pleadings are to be construed most strongly against the pleader, and that if two constructions can be put upon the pleadings, that which is more unfavorable to the pleader must obtain, yet there is another rule, that all pleadings must receive a construction in accordance with the natural intendment of the words and language of the pleadings. The declaration alleges that this dam caused the water in Sandy creek to rise to such an extent that it rendered the land of the plaintiff unfit for cultivation. We think this request is too broad, in view of the allegations in the declaration, and that the court would have committed manifest error if he had given it to the jury.

3. The 4th ground of error is, because the court erred in refusing to charge the jury, as requested by the defendant's counsel, as follows: "If you believe that the dam as it stood in July, 1873, and the back-water from it as it extended then, had remained unchanged for twenty years before the bringing of this suit, then the plaintiff cannot recover."

While it may have been true that the dam had remained unchanged for twenty years, yet if, during that twenty years, it had caused the filling up of the stream and the plaintiff's land with sand, increasing the height of the water and injuring and damaging the plaintiff, we cannot see why he should not recover. This was an invasion upon his land; and he had the right to recover for any injury that occurred to him within four years preceding the bringing of his action, according to our statute. This request to charge was inapplicable, because the declaration

and the proof showed that the damage occurred, in consequence of the raising of the dam, within four years of the time the plaintiff brought his action. The proof showed that no injury had accrued to this land from the raising of the water prior to this increase of the height of the dam, but that it occurred afterwards. The request was inapplicable, and the court did right to refuse it.

4. The next ground is the 5th, which is as follows : Because the court erred in refusing to charge the jury, as requested by defendant's counsel, as follows: " When the consequences of a present or antecedent negligence are impending, whoever can shun them by ordinary care and fails to do so, ought not perhaps to be heard to complain of them, whether they touch his person or his property. If, therefore, by exercise of ordinary care, the plaintiff in this case could have avoided the consequences of the defendant's negligence, if there is such negligence, and has failed to exercise such care, he cannot recover. Even if you believe that the dam has been instrumental in some way in wetting his land, still if he, by using ordinary care in taking care of his land, could have warded off the injurious consequences, and has failed to use such care, then he cannot recover."

We do not think that this is a case of negligence. If this company raised their dam, thereby causing water in the creek to run over the plaintiff's land, and thereby injuring and damaging him, that was an invasion of his rights, and was a positive act on the part of the defendant, and not a case of negligence; nor was it negligence on the part of the plaintiff not to do anything to avoid the consequences of their act. Every man has the right to enjoy his property to the fullest extent, and whenever that right is invaded by another and injury accrues to him, he is entitled to his damages therefor. The evidence fails to show that the plaintiff did anything that led to or increased this damage. He did nothing, and he had a right to do nothing; and if they invaded his rights, they were liable to him

for any damages which he sustained by reason of such invasion. We think the court would have been guilty of manifest error to have given this request in charge to the jury. It was not applicable to the facts in evidence, though it may have been sound law on a different state of facts.

5. There are other exceptions, to the effect that the jury found contrary to certain charges of the court. That is equivalent to saying that the jury found contrary to law; which we do not think they did. I have said frequently, and say it again, that it is wholly unnecessary for counsel to put such grounds in the motion for new trial as that the jury found contrary to certain charges of the court. That is included in the general ground that the verdict is contrary to law, and it is unnecessary to repeat the ground specifically in this way.

6. The last ground of the motion is, that "the court erred in admitting the testimony of Gray, Parks and Covington, over the objection of defendant's counsel, going to show that the sand was backed up in the mouth of Sandy creek, and gradually accumulating back in the channel of the creek as it flows through land formerly belonging to Gray, or that crops were thereby injured. The use plaintiff intended to make and did make of this testimony was, to argue that other sand lodged against this sand and finally accumulated back up the channel of the creek in plaintiff's land, and raised the water in the banks of the creek as it flows through plaintiff's land. Defendant's counsel objected to this testimony as irrelevant to this issue." We think this testimony was admissible.

Judgment affirmed.