## HOLMES, executor, *v.* CITY OF ATLANTA.

A general grant of power to grade streets and to establish in connection therewith a system of drainage does not carry with it any right on the part of a municipality to create and maintain a nuisance by causing surface-water polluted by filth and laden with noxious odors to be discharged upon the premises of a private citizen ; and he may, when such a thing has been done, maintain against the city an action to recover the damages he has in consequence sustained.

The present action was not barred by the statute of limitations.

Argued May 31,—Decided July 20, 1901.

Action for damages.　Before Judge Calhoun.　City court of Atlanta.　November 20, 1900.

The damages were alleged to have been sustained by reason of the flooding of the plaintiff's land in Atlanta with surface-water from rains, etc., within four years next before the filing of the suit, in consequence of the manner in which the city had, more than four years before suit, graded the surrounding streets and constructed the drainage in that locality.　The petition alleged that, within the four years, the water thus cast upon the land filled and destroyed various wells dug in it during that period; that it made a large ditch across the land, periodically washed away the plaintiff's fence, periodically destroyed his garden, and deposited on the land trash, stale vegetables, and other refuse matter; and that the flooding of the land and the depositing of the refuse matter have periodically created noisome smells, which are offensive; that he has houses on the land; and that by reason of the flooding the rental value of the property has decreased.　The court sustained a motion to dismiss the action, on the ground that it was barred by the statute of limitations, because not brought within four years after the doing of the work from which the damage was alleged to have resulted.

*W. H. Terrell,* for plaintiff.     *J. L. Mayson, W. P. Hill, J. A. Anderson,* and *J. T. Pendleton,* for defendant.

LUMPKIN, P. J.     As will be seen from the statement of facts set forth in the official report of this case, the plaintiff predicated his right to recover upon the theory that the city was maintaining a nuisance, in that the surface-water discharged upon his premises was contaminated by filth, and as a consequence refuse matter was deposited upon his lot, which created noisome smells, caused the water in his wells to become unfit for use, and in other respects rendered his property undesirable for residence purposes and decreased its rental value.     Treating these allegations as true, the case falls squarely within the doctrine announced in *Smith* v. *Atlanta,* 75 *Ga.* 110, wherein it was held:    " Although a municipal corporation had the right, under its charter, to establish a system of grading and drainage, yet this should have been done so that it would not prove a nuisance to the citizens; and if a culvert were dug across a street, whereby the surface-water from the lands of adjacent proprietors was gathered, charged with the filth of sinks, and thrown upon the land of another, producing noxious scents and sickness, and rendering the enjoyment of her property impossible, the city would be liable for damages."     Legislative authority to make public improvements does not carry with it the right to conduct the work incident thereto in a careless, negligent, or unskillful manner.     *City of Atlanta* v. *Word,* 78 *Ga.* 276.     It was accordingly ruled in *Warnock's* case, 91 *Ga.* 210, that:    " The municipal government of Atlanta, though invested by statute with plenary powers over the subjects of streets, sewers, drainage, water-supply, and sanitation, has no right to create and permanently maintain a nuisance dangerous to health and life, which nuisance consists of openings called manholes in a sewer located in a public street contiguous to the dwelling of a citizen, the manholes being allowed to emit poisonous gases in large quantities through perforated covers placed over them."    Where a nuisance is not of a permanent and continuing character, but such as a city may at will abate, a citizen has no right to assume that the same will be maintained indefinitely.     His remedy therefore is, not to recover in one action all past and future damages, but to bring from time to time separate suits for recurring injuries sustained, instituting each within the period prescribed by the statute of limitations for taking steps

to recover damages actually suffered up to the time the action is filed. *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724.

The present case is distinguishable from that of *Atkinson* v. *Atlanta*, 81 *Ga.* 625. There it appeared that the plaintiff brought against the city an action for damages which she alleged she had sustained "from the grading of certain streets and the construction of certain sewers by the city, by reason of which a large body of water was emptied upon her lots and her property thereby injured." There was no suggestion on her part that the public improvements made were unauthorized; that there was no necessity, in carrying them into effect, to impose upon her land the servitude complained of, or that the work was unskillfully and negligently done. It did not, therefore, appear that the city had ventured beyond its corporate powers in thus throwing uncontaminated water upon her premises; and while she undoubtedly became entitled to compensation for the damages incurred in subjecting her property permanently to an authorized public use, she allowed her cause of action to become barred by the lapse of time. She could not, of course, by arbitrarily characterizing as a nuisance a lawfully inaugurated flow of pure water over her land, take her case out of the operation of the statute of limitations. See, in this connection, the remarks of Blandford, J., who, in pronouncing the opinion of the court in that case, took occasion to differentiate it from that of *Smith* v. *Atlanta*, supra, by pointing out the fact that in the case last mentioned it appeared that the city, without any authority of law, caused surface-water charged with filth to be "thrown upon the plaintiff's land, producing noxious scents and sickness, and rendering his premises untenantable." Let the plaintiff in the present case be afforded a fair opportunity to show by competent evidence whether or not, in point of fact, the city has been maintaining the alleged grievous nuisance of which he in his dismissed petition complained.

*Judgment reversed. All the Justices concurring.*