## MONROE v. McCRANIE & VICKERS.

</div>

While, under the Civil Code, § 3898, all "actions for trespass upon or damages to realty" become barred if not "brought within four years after the right of action accrues," yet when there is a continuing trespass, as where persons other than the owner of a tract of land covered with pine timber wrongfully enter thereon, box the trees for turpentine purposes, and work the same for a number of years, the party aggrieved may maintain an action for the recovery of all damages arising from such trespass within a period of four years prior to the date upon which he institutes suit, irrespective of the time when the initial act of trespass was committed.

<div align="center">

Submitted June 10, — Decided June 29, 1903.

</div>

Action of trespass.      Before Judge Spence.      Worth superior court.    November 26, 1902.

*J. L. Sweat*, for plaintiff.      *Fulwood & Howell*, for defendants.

FISH, J. An action of trespass was brought by Monroe against McCranie & Vickers, a partnership, and C. G. McCranie and E. L. Vickers, as members of that firm, the plaintiff alleging in his petition that the defendants, "in the fall or winter of 1892, without warrant or authority and against the express wish and desire of petitioner, entered upon" a designated tract of land belonging to him and, together "with their employees, . . . boxed the pine timber thereon for turpentine purposes; and thereafter, during the years 1893, 1894, 1895, and 1896, worked the same for their own profit and benefit, to the great injury and damage of said land and timber and of" petitioner, as owner of the same.      His petition was filed on the 14th day of August, 1899.      At the appearance term of the case Vickers filed a demurrer to the plaintiff's petition, based on the ground that it showed on its face that his cause of action was barred by the statute of limitations, suit not having been commenced "within four years after the right of action accrued." The trial judge passed an order in which it was recited that the action

was dismissed on the ground that it was barred by the statute, and Monroe brought the case to this court for review.

The unlawful intrusion complained of, followed by the defendants' wrongful occupancy of the land and appropriation to their own use of the timber growing thereon, doubtless amounted to a continuing trespass. But the plaintiff was not entitled to recover any damages which accrued therefrom prior to August 14, 1895, but only such damages as he sustained between that date and the day on which he instituted his action, a period covering four years. *Danielly* v. *Cheeves*, 94 *Ga.* 264. It follows that his action should not have been dismissed on the idea that, under the allegations of his petition, he was not entitled to any recovery whatever; for it was therein distinctly alleged that during the years of 1895 and 1896, after the defendants had boxed the pine timber for turpentine purposes, they " worked the same for their own profit and benefit, to the great injury " thereof. The case should undergo a further investigation, to the end that the plaintiff may be afforded an opportunity to show what damages, if any, he suffered by reason of the tortious acts of the defendants committed in 1896 and during such part of the year 1895 as came within the period of four years next preceding the filing of his petition.

*Judgment reversed. All the Justices concur.*