119  234
Case 1
124  366

SOUTHERN RAILWAY COMPANY *v.* MORRIS.

CANDLER, J. 1. Every continuance of a nuisance which is not permanent and which can and should be abated is a fresh nuisance for which a new action will lie. *Southern R. Co* v. *Cook*, 117 *Ga.* 286, and cit. Consequently, suit may be maintained for damages growing out of a nuisance of the character indicated, where the damages sued for were inflicted within four years prior to the time of filing suit, though the act which originally caused the nuisance was not done within the period of limitation of the action. *Danielly* v. *Cheeves*, 94 *Ga.* 264 (3).

2. This being an action for damages to the productiveness of the plaintiff's land by reason of an overflow of water, caused by the obstruction of a stream by the defendant, it was permissible to show how much the land was capable of yielding before it was overflowed, and to what extent its fertility had been impaired on account of the obstructions placed in the stream. Such damages were not too remote, speculative, or contingent to be made the basis of a recovery.

3. The charge of the court laying down as the measure of recovery the diminution in the rental value of the land, even if incorrect, was not prejudicial to the defendant, and will not work a reversal of the judgment denying a new trial.

4. Points made in the motion for a new trial, but not argued here, will be treated as abandoned and will not be considered. The evidence authorized the verdict, which was not excessive, and it was not error to overrule the motion for a new trial. *Judgment affirmed. All the Justices concur.*

Argued November 23, — Decided December 12, 1903.

Action for damages. Before Judge Reagan. Henry superior court. January 31, 1903.

*Little & Battle,* for plaintiff in error.

*Westmoreland Brothers* and *C. J. Haden,* contra.