## CITY COUNCIL OF AUGUSTA *v.* MARKS.

1. A declaration must aver a time when every material, traversable fact alleged in it transpired. If it fails to do so, it is subject to special demurrer on that ground.
2. Although a suit for the creation of a nuisance may be barred by the statute of limitations, yet if the nuisance be of a continuing character which can and should be abated, suit may be brought for damages arising from its maintenance.
3. Where a declaration alleged that a municipal corporation built through the lot of the plaintiff a sewer which was constructed to carry off waste water, but which was used also for the carrying of filth, sewage, and fecal matter, and that, by reason of the existence of the sewer on his property and the maintenance of a "dumping station" or place for the discharge of such sewage near his residence, he has been damaged, on special demurrer he should have been required to allege when the sewer was constructed and for what length of time the nuisance had been maintained during his ownership of the property, causing the damage sued for.
4. Where an action for damages is brought against a municipal corporation, the declaration must allege a substantial compliance with the act of 1899, which requires persons having claims for money damages against a city to present the same for adjustment before bringing suit, but it is not necessary to annex to the declaration an exact copy of such written demand.
5. The demurrer in this case does not raise the question of the sufficiency of the demand made, but is based on the ground that a copy of the demand is not annexed to the petition, and that the defendant therefore can not state whether the petition and the demand correspond.
6. Where a declaration alleged that the market value of a lot belonging to the plaintiff had depreciated in the sum of $3,500 by reason of a nuisance created and maintained by the defendant, such an allegation was subject to special demurrer on the ground that it did not state what was the value of the lot before the injury.

Argued October 9,—Decided November 20, 1905.

Action for damages. Before Judge Eve. City court of Richmond county. February 15, 1905.

David W. Marks, Jr., brought an action for damages against the City Council of Augusta. He alleged, that he was the owner of a lot bounded on one side by the Augusta canal, which was owned and operated by the defendant; that the defendant had caused to be built through his lot a large drain sewer, emptying immediately south of his lot and within a few feet of the windows of his dwelling; that it was constructed for a drain to carry off waste water, but the city uses it not only for that purpose but also to receive fecal matter and filth, which is thus carried through his lot and dis-

charged very near his residence, generating noxious gases, vile stenches, and germs of disease; that this is a continuing nuisance and "by reason of the existence of said sewer on the property of your petitioner, and the maintenance by the City Council of Augusta of a dumping station for its contents immediately against the property of your petitioner," the market value of his lot has been depreciated in the sum of $3,500, and the health of his family has been greatly impaired, and he has been forced repeatedly to close up his home and find another place of residence, to his damage in the sum of $1,500; that thirty days before filing this suit he petitioned the city council in writing to abate the nuisance, and called their attention to the fact that he had been damaged in the sum of $5,000, but to this petition they made no response. The defendant demurred to the declaration; the demurrer was overruled, and the defendant excepted.

*C. Henry Cohen,* for plaintiff in error.

*F. W. Capers, Pierce Brothers,* and *C. P. Pressly,* contra.

LUMPKIN, J. (After stating the facts.) If by reason of a trespass upon realty it has been so injured as to render it permanently useless and valueless to the owner, he should recover the damages thus occasioned in a single action. Thus where a petition alleged that by the erection and maintenance of a dam certain land of the plaintiff and the timber thereon had been rendered worthless and of no value, and a recovery was had, the plaintiff could not maintain against the defendant another action again alleging the same facts as to the injuries sustained and their cause. *Clark* v. *Lanier,* 104 *Ga.* 184; *Allen* v. *Macon R. Co.,* 107 *Ga.* 839. But if the nuisance was of such a character as could be abated and terminate the injury, the plaintiff would not be limited to a single action resulting from its creation, but might sue for injuries resulting from its maintenance. In that event, if he so desired, he might bring successive suits for damages resulting up to the time of bringing each suit, provided they were not covered by a former action and were within the statute of limitations. *Massengale* v. *Atlanta,* 113 *Ga.* 966; *Southern Ry. Co.* v. *Cook,* 117 *Ga.* 286; *Langley* v. *Augusta,* 118 *Ga.* 590; *Southern Ry. Co.* v. *Morris,* 119 *Ga.* 234. Although the nuisance may have been created more than four years before the action was brought, if it be maintained as a continuing nuisance,

this is a renewal of the wrong, and therefore actionable. *Reid* v. *Atlanta*, 73 *Ga.* 523; *Smith* v. *Atlanta*, 75 *Ga.* 110. Under the allegations of the declaration in the present case, whether or not the sewer was constructed through the plaintiff's lot more than four years before the action was brought, if the defendant maintained a continuing nuisance by using it for sewage, fecal matter, and filth, instead of merely for waste water, the plaintiff could sue for damages resulting therefrom.

It is contended that an alienee could not sue for damages accruing while the property was owned by the alienor. This is true, but "the alienee of a person owning the property injured may sue for the continuance of the nuisance." Civil Code, §3862. It does not appear from the declaration that there has been any alienation since the nuisance began. The defendant, however, is entitled to be put on reasonable notice as to what is claimed by the plaintiff. The declaration alleges that the sewer was built through the lot of the plaintiff; that it has been and is being maintained as a continuing nuisance discharging filth, excrement, and foul matter near his house; that by reason of the "existence of said sewer and said dumping station" the health of his family has been greatly impaired, and he has been forced repeatedly to close up his home and find another place of residence; that the market value of his property has depreciated in the sum of $3,500, and that his total damages aggregate $5,000. Certainly the defendant is entitled to know when the sewer was constructed and for how long a time the plaintiff claims that he has been receiving the continuing injuries alleged by him, affecting the health of his family and damaging the lot as a place of residence. In *Bond* v. *Central Bank*, 2 *Ga.* 100, it was said: The writ "must allege all the circumstances necessary for the support of the action, . . and the time and place, with such precision, certainty, and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal defence." In *Kemp* v. *Central Ry. Co.*, 122 *Ga.* 559, it was said: "The more liberal the law in the allowance of amendments, and the less the necessity for formalities in pleading, the greater the right of the defendant by special demurrer to call for a full statement of the facts out of which the plaintiff's cause of action arises."

The act of 1899 (Acts 1899, p. 74) declares that no person hav-

ing a claim for money damages against any municipal corporation on account of injuries to person or property shall bring suit at law or in equity against such corporation for the same without first presenting in writing such claim to the governing authority of said municipality for adjustment, "stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same; and no suit shall be entertained by the courts against such municipality until the cause of action therein" has been so presented. Thirty days are allowed the corporation to act upon the claim. A declaration based on such a cause of action must allege a substantial compliance with the act. But it is not necessary to annex a copy of the demand. *Saunders* v. *Fitzgerald,* 113 *Ga.* 619; *City of Columbus* v. *McDaniel,* 117 *Ga.* 823. The ground of demurrer referring to this subject is because "said petition has not annexed to it a copy of the petition filed with the said City Council of Augusta, in accordance with the act of December 20, 1899, . . . and that this defendant, not having said petition to said City Council of Augusta annexed to this suit, can not state whether the same grounds alleged in the petition to council appear in this action, nor whether the time, or place, or the extent of the injury correspond." This ground does not raise the question as to whether the allegations in regard to the demand are sufficient, but merely whether a copy of the demand should not have been attached to the declaration so that the defendant might compare it with the allegations. It being unnecessary to attach a copy, as stated above, this ground was properly overruled.

An allegation that the market value of plaintiff's property had depreciated in the sum of $3,500 was subject to special demurrer. The defendant was entitled to know what was claimed to have been its value before the injury was done, and the ground of the demurrer raising this point should have been sustained.

The general demurrer was properly overruled. Some of the grounds of the special demurrer should have been sustained as indicated in this opinion.

*Judgment reversed. All the Justices concur.*