## GABBETT *v.* CITY OF ATLANTA.

1. The petition, properly construed, was an action for damages arising from a continuing nuisance.

(a) Although a suit for the creation of a nuisance may be barred by the statute of limitations, yet if the nuisance be of a continuing character which can and should be abated, suit may be brought for damages arising from its maintenance.

(*b*)　In an action for the maintenance of a continuing nuisance, damages may be recovered resulting from such maintenance which accrued at any time within the period prescribed in the statute of limitations before the institution of the suit.

(*c*)　In such an action the fact that the petition may allege damages, some of which are barred by the statute of limitations and others not, will not render the petition demurrable as to those which are not barred.

2. The amendment did not set forth a different cause of action from that alleged in the petition, and it was the right of the plaintiff upon election to amend.

3. The special grounds of demurrer were not ruled on in the trial court, and will not be considered here.

4. Questions argued in the brief of counsel which are not made by the record will not be considered.

DECEMBER 13, 1911.

Action for damages. Before Judge Bell. Fulton superior court. October 1, 1910.

*W. R. Hammond,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

ATKINSON, J. Sarah E. Gabbett instituted suit for damages against the City of Atlanta. The original petition alleged: that plaintiff owned described land in that city, through which the municipality constructed and maintained certain sewers as a part of the sewerage system of the city, "and in times of rain, which frequently occur, and especially of heavy rains, which are not infrequent, said sewers become filled with water and sewage, and become strained and burst, and overflow your petitioner's said land with water and sewage filth, so that the same is rendered unfit for cultivation or pasturage, whereby your petitioner is deprived of the profit from said land to which she is entitled and which she would otherwise receive. Said land is wholly and totally unfit for cultivation or pasturage, or for any useful or profitable purpose whatever, caused by said repeated overflows and the deposit of filth upon the same. And your petitioner avers that said conditions have existed for more than ten years, and that said land has become permanently unsuited for cultivation or pasturage, or for any useful or profitable purpose whatever." Also: "Any vegetable crops your petitioner might raise upon said land, if the same could be raised at all on account of the repeated overflows of the same, and the grasses on said land, would be and are totally unfit for use, because of the poisonous sewage matter that becomes deposited on

the same from the overflows of said lands, as herein set forth; and your petitioner avers that she can not obtain cows for pasturage, or rent said lands for market-garden purposes, for that reason." Also: "Petitioner avers that she has suffered injury and damage to her said land, by reason of said defective sewerage conditions, and by reason of the facts herein set forth, in the sum of five thousand dollars; and she prays for the recovery of said amount." Plaintiff's written ante litem demand which was presented to the city was attached to and made a part of the petition. In such demand it was alleged that for reasons as above indicated the property was "rendered unproductive and valueless" to plaintiff, to her damage in the sum of $500 a year since 1893. After filing her petition the plaintiff sought to amend by striking portions of it and inserting other allegations, so that the damages claimed should be for the rental value at $500 per year for the four years next preceding the institution of the suit, and praying recovery of $3,000. To the petition as amended the defendant demurred as follows:

"1. The declaration as amended presents a new and distinct cause of action from the case made in original petition. This defendant says that the original suit was brought to recover damages to land, and the amendment seeks to bring an action as for a nuisance.

"2. The original declaration was barred on its face, and therefore there was nothing to amend by.

"3. The original declaration being by its terms barred, it is not permissible to so amend as to save the declaration from a motion to dismiss based on the original petition."

Also several grounds of special demurrer were urged. On the hearing the judge ordered that the amendment be disallowed, and that the general demurrer be sustained and the case dismissed. The bill of exceptions assigned error upon this ruling.

1. The demurrer complained that the petition should be dismissed, because it appeared upon its face that the action was barred, and therefore there was nothing to amend by. This ground of demurrer, though general, restricted by its own terms its attack upon the petition to the single point that the action was barred. It is declared in the Civil Code, § 4457: "A nuisance is anything that worketh hurt, inconvenience, or damage to another;

and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of fastidious taste, but it must be such as would affect an ordinary reasonable man." The allegations of the petition set forth the injury to the plaintiff and the causes thereof in such manner as to charge the existence of a nuisance. The nuisance was of such character as that it could be abated and the injury terminated. A nuisance of that character would be a continuing one, and the person injured would not be limited to a single action for damages resulting from its creation, but might sue for injuries resulting from its maintenance. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539), and citations; see also *Nalley* v. *Carroll County,* 135 *Ga.* 835 (70 S. E. 788). In a suit for the maintenance of such a nuisance, all legitimate damages are recoverable which accrued within the period of limitation prescribed by statute before the institution of the suit. *Langley* v. *City Council of Augusta,* 118 *Ga.* 590 (9), (45 S. E. 486, 98 Am. St. R. 133), and citations. That some of the damages alleged were barred and others not will not render the petition objectionable as to those which were not barred. *Monroe* v. *McCranie,* 117 *Ga.* 890 (45 S. E. 246). It was alleged in the original petition that the injuries complained of were permanent, and that the value of the land was destroyed for all purposes, and the damages were laid at the lump sum of $5,000. Considered alone, such allegations are somewhat confusing as to whether the pleader contemplated a recovery of all of the past and future damages in one action, based on creation of the nuisance, or whether he contemplated a recovery of recurring damages based on the maintenance of the nuisance. But the allegations, upon consideration of the general objection which was urged by demurrer, are to be construed in connection with all of the other allegations of the petition. No prospective damages were alleged, but throughout the petition the allegations as to damages related to such as had inured in the past. There were no allegations relative to diminution of the market value of the property, which would have been the measure of the damages had the suit been for a creation of the nuisance; but the damages laid had reference to the value of the land for pasturage and cultivation and other purposes for which the plaintiff could have used the property, and which would have rendered her profits had

the nuisance not been maintained. The petition in its entirety was not subject to dismissal on the ground that the cause of action was barred.

2. Under the views expressed in the first division, the original petition was sufficient as against the demurrer, without amendment. The proposed amendment did not set out a new cause of action. The original petition and as well the amendment were for damages on account of the injury to the plaintiff, founded upon the maintenance of a nuisance upon her land. The mere fact that the amendment alleged as the measure of damages the value of the land for rent, and alleged a less amount than that specified in the petition, would not make it set forth a different cause of action. It was the right of the plaintiff, upon election to do so, to amend, even though unnecessary.

3. The court did not rule on the grounds of special demurrer, and no ruling will be made upon them.

4. Other questions were discussed in the brief of counsel for the defendant in error, in support of the judgment of dismissal. While the points thus raised might have been pertinent had there been a general demurrer complaining that the petition set forth no cause of action, they were not pertinent to the question actually raised, namely, that the petition showed upon its face that it was barred by the statute of limitations, and therefore that there was nothing to amend by, and that the amendment set forth a different cause of action.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*