## 19783. Bainbridge Power Company v. Ivey.

Stephens, J. 1. A permanent nuisance is not necessarily one which can never, under any circumstances, be abated; but it is one whose character is such that, from its nature and under the circumstances of its existence, it presumably will continue indefinitely. 46 C. J. 650; C. C. C. & St. L. Ry. Co. v. King, 23 Ind. App. 573 (55 N. E. 875); Bischof v. Merchants National Bank, 75 Neb. 838, 5 L. R. A.' (N. S.) 486 (106 N. W. 996); N. & W. Ry. Co. v Allen, 118 Va. 428 (87 S. E. 558, 560); Irvine v. City of Oelwein, 170 Iowa, 653 (L. R. A. 1916 E. 990, 150 N. W. 674); Cumberland Torpedo Co. v. Gaines, 201 Ky. 88 (255 S. W. 1046); Chesapeake & Ohio Ry. Co. v. Coleman, 184 Ky. 9 (210 S. W. 947). See, in this connection, Penn Mutual Life Ins. Co. v. Milton, 160 Ga. 168 (127 S. E. 140, 40 A. L. R. 1382); Pilgrim Health & Life Ins. Co. v. Gomley, 40 Ga. App. 30 (148 S. E. 666).

2. Where a reservoir created by the impounding of water by an artificial dam is a part of a hydro-electric development used in the generation of electric current in supplying light and power to industrial communities, and is therefore an essential and inseparable part of an electrical generating system, a nuisance created by the maintenance of the reservoir, which consists in the fact that, by reason of the reservoir having been erected upon wooded land which had not been deforested, there has arisen an accumulation of decaying wood, which renders the reservoir a breeding place for mosquitoes and a source for the emission of objectionable odors, and where the reservoir has been maintained in this condition for a number of years and the nuisance thus caused can not be permanently abated without emptying the water from the reservoir and deforesting at a considerable expense the entire flooded area of about three square miles, and treatment with oil, which must necessarily entail an interruption in the operation of the plant, and where it does not appear that this method is feasible or practicable or could readily be resorted to by the owners of the reservoir without great expense and inconvenience, or that when once employed it would permanently abate the nuisance, and where it does not appear that the owners of the reservoir have any intention of resorting to these methods for an abatement of the nuisance, the nuisance arising from the maintenance of the reservoir is of a permanent character. Central Georgia Power Co. v. Stubbs, 141 Ga. 172 (80 S. E. 636).

3. One whose land is damaged as a proximate result of a permanent and non-abatable nuisance may recover prospective damages by reason of the depreciation in the value of the land. Langley v. Augusta, 118 Ga. 590 (45 S. E. 486, 98 Am. St. R. 133); Bainbridge Power Co. v. Ivey, 38 Ga. App. 586 (4) (144 S. E. 825).

4. The services of a wife in nursing her own and her husband's children while sick are of such a nature that they may be more valuable to the husband than the services of an ordinary nurse, who could not bring to bear the same love and solicitous care of the children as could the wife. Upon the trial of a suit by the husband to recover for the loss of his wife's services by reason of her own sickness, which it is alleged was caused by the tortious act of the defendant, where it is inferable from

the evidence that her services were of value to the plaintiff as a nurse for their children, a charge by the court that the jury could consider whether the plaintiff's wife was a skilled nurse, or that her services were worth more than those of an ordinary nurse, was not error as being unauthorized by the evidence.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED FEBRUARY 18, 1930.

*A. B. Conger, Wilcox, Connell & Wilcox,* for plaintiff in error.
*P. D. Rich,* contra.