21073. Mayor and Aldermen of Savannah *v.* Helmken.

Broyles, C. J. 1. The statute (codified in section 910 of the Civil Code) requiring the presentation of a written notice to the governing authority of a municipality before suit can be brought against the municipality for injuries to person or property is in derogation of the common law, and should be strictly construed as against the municipality. *Maryon* v. *City of Atlanta*, 149 *Ga.* 35, 36 (99 S. E. 116). "This act does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration. The purpose of the law

was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. . . A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient. . . The petition need not exactly follow the notice, and an immaterial variance between the two as to time, place or extent of injury will not amount to a fatal variance." *Langley* v. *Augusta*, 118 *Ga.* 590 (11), 600, 601 (45 S. E. 486, 98 Am. St. R. 123).

2. Under the above-stated ruling and the pleadings in the instant case, the notice to the municipality given by the plaintiff was sufficient. There was no fatal variance between the notice and the petition merely because it was stated in the notice that the plaintiff's injuries were caused by her stepping into a hole in Broughton Street at its intersection with Whitaker Street, while the petition showed that the hole was in the *sidewalk* on the south side of Broughton Street "at the edge of the curbing next to Whitaker Street, where the sidewalk on the western side of Whitaker Street intersects the sidewalk on the Southern side of Broughton Street, all at the southwestern corner of Whitaker and Broughton Streets in said city [Savannah]."

3. The court properly overruled the general demurrer and all the grounds of the special demurrer except the ground attacking sub-paragraph "f" of paragraph 2 of the petition. That ground was correctly sustained.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 31, 1931.

*John J. Bouhan, Marvin O'Neal Jr.,* for plaintiff in error.
*Lewis A. Mills, Henry McAleer,* contra.

