28822. MAYOR AND COUNCIL OF BUFORD *v.* LIGHT.

DECIDED JUNE 10, 1941.

*W. L. Nix, Alton G. Liles,* for plaintiff in error.
*Joseph D. Quillian, E. W. White,* contra.

BROYLES, C. J. J. P. Light sued the City of Buford to recover $1000 for alleged damages to his house and lot. He alleged, that the damages were caused by the raising of the grade of the street in front of his property three and a half feet, and paving the street at that grade, thereby leaving his house and lot about three and a half feet below the level of the street, whereas before the grading and paving they were practically level with the street; that such grading by the city had made his property less valuable, in that before the grading the market value of the property was $2000, and since the grading, and because of it, the market value was and is $1000; that more than thirty days before the filing of this suit demand in writing was made of the governing authorities of the defendant for the payment of petitioner's claim, said demand setting forth the nature of the claim; and that the defendant refused to pay said claim. The defendant's answer denied all allegations of the petition, except paragraph 1 which alleged that the Mayor and Council of the City of Buford was a municipal corporation under the laws of the State of Georgia. The jury returned a verdict in favor of the plaintiff for $400 and costs. A motion for new trial was overruled, and the defendant excepted.

The verdict was amply authorized by the evidence, and the general grounds of the motion are without merit. Special grounds 1 to 7, inclusive, complain of various excerpts from the court's charge. Those excerpts, when considered in the light of the entire charge and the facts of the case, disclose no harmful error. It is well settled that the statute (Code, § 69-308), requiring presentation of a written notice to the governing authority of a municipality before suit can be brought against the municipality for injuries to person or property, is in derogation of the common law, and should be strictly construed as against the municipality. *Maryon* v. *Atlanta,* 149 *Ga.* 35, 36 (99 S. E. 116) ; *Mayor &c. of Savannah*

v. *Helmken,* 43 *Ga. App.* 84 (158 S. E. 64). "The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. . . A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient." *Langley* v. *Augusta,* 118 *Ga.* 590 (11), 600 (45 S. E. 486, 98 Am. St. R. 133); *Savannah* v. *Helmken,* supra. Under this ruling and the notice to the city in the instant case, there is no merit in grounds 8 and 9. The refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*