## 36223. NIMMONS *v*. CITY OF LAGRANGE.

DECIDED OCTOBER 30, 1956.

512

*Lewis R. Morgan, Wyatt & Morgan,* for plaintiff in error.
*Horace E. Richter, Richter & Birdsong,* contra.

QUILLIAN, J. The defendant insists that the petition did not set forth a cause of action because the plaintiff failed to give the city written notice of her claim within six months of the happen-

ing of the event on which the suit and claim were predicated, as required by Code § 69-308. While it is true the paving, grading and curbing of the street was completed in September of 1954, the petition alleged that the water flowing onto the plaintiff's property created a continuing nuisance. The owner of realty may recover for all damages, caused by a continuing nuisance, which have occurred within the statutory period of limitations, without regard to when the structure causing the nuisance was completed or when such structure became a nuisance. *Farley* v. *Gate City &c. Co.*, 105 *Ga.* 323 (31 S. E. 193) ; *Holmes* v. *City of Atlanta*, 113 *Ga.* 961 (39 S. E. 458) ; *Massengale* v. *City of Atlanta*, 113 *Ga.* 966 (39 S. E. 578) ; *Gabbett* v. *City of Atlanta*, 137 *Ga.* 180 (73 S. E. 372).

In referring to the removal of water gates, the function of which was to control the waters of a canal, the Supreme Court, in *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724, 728 (28 S. E. 994) held: "Where the structure, though permanent in its character, is not necessarily and of itself a permanent and continuing nuisance, but only becomes such in consequence of some supervening cause which produces special injury at different periods, a separate action lies for each injury thus occasioned, and the statute begins to run against such cause of action only from the time of its accrual,—and from the time when the special injury is occasioned. So this court has held that recovery might be had for injuries resulting from the erection and maintenance of a dam, in so far as such injuries occurred within four years preceding the bringing of the action, although the dam may have remained unchanged for twenty years. *Athens Mfg. Co.* v. *Rucker*, 80 *Ga.* 291." It was further held on page 729 of the same decision: "Afterward, over plaintiff's objection, they removed the gate to the race which supplied plaintiff's foundry, and it was in consequence of this removal of the gates that the injury is alleged to have occurred. This removal did not per se constitute a nuisance, but became such in certain times of high water by discharging large and unusual quantities of water upon the premises of the plaintiff, thereby injuring him. For injuries so received, the plaintiff may, as against the municipal corporation, maintain an action, and for each successive inundation a new cause of action may accrue. The statute of limitations begins to run against such cause of

action only from the time of its accrual, and recovery may be had upon it even though the negligent act by which it was occasioned may have been done more than four years before suit was brought."

The pronouncement is found in *Smith* v. *City of Atlanta*, 75 *Ga.* 110, 112, as follows: "Again, the defendant in error insists by its able and learned counsel that, as the sewer was dug in 1870, and it had done nothing to it since that time, that plaintiff's action is barred by the statute of limitations. This sewer was and is under the control of the city; if it be a nuisance and the city has not abated it, . . . the city may be said to have maintained it and kept it up, and it is thereby a continuing nuisance, for the maintenance of which the city is liable. The evidence submitted by the plaintiffs was sufficient to carry this case to the jury, and the nonsuit was therefore wrong."

One of the most elucidating and well considered cases on the subject of the statute of limitations as applied to actions for damages consequent upon the creation and maintenance of a nuisance is that of *City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (52 S. E. 539), in which it is held at page 366: "If by reason of a trespass upon realty it has been so injured as to render it permanently useless and valueless to the owner, he should recover the damages thus occasioned in a single action. Thus where a petition alleged that by the erection and maintenance of a dam certain land of the plaintiff and the timber thereon had been rendered worthless and of no value, and a recovery was had, the plaintiff could not maintain against the defendant another action again alleging the same facts as to the injuries sustained and their cause. *Clark* v. *Lanier*, 104 *Ga.* 184; *Allen* v. *Macon R. Co.*, 107 *Ga.* 839. But if the nuisance was of such a character as could be abated and terminate the injury, the plaintiff would not be limited to a single action resulting from its creation, but might sue for injuries resulting from its maintenance. In that event, if he so desired, he might bring successive suits for damages resulting up to the time of bringing each suit, provided they were not covered by a former action and were within the statute of limitations. *Massengale* v. *Atlanta*, 113 *Ga.* 966; *Southern Ry. Co.* v. *Cook*, 117 *Ga.* 286; *Langley* v. *Augusta*, 118 *Ga.* 590; *Southern Ry. Co.* v. *Morris*, 119 *Ga.* 234. Although the nuisance may have been

created more than four years before the action was brought, if it be maintained as a continuing nuisance, this is a renewal of the wrong, and therefore actionable. *Reid* v. *Atlanta*, 73 *Ga.* 523; *Smith* v. *Atlanta*, 75 *Ga.* 110. Under the allegations of the declaration in the present case, whether or not the sewer was constructed through the plaintiff's lot more than four years before the action was brought, if the defendant maintained a continuing nuisance by using it for sewage, fecal matter, and filth, instead of merely for waste water, the plaintiff could sue for damages resulting therefrom."

The plaintiff alleged that the damage was done to the property during the months of November and December of 1954 and the months of January, February, March and April of 1955. The plaintiff filed a written claim for these damages on April 12, 1955, which was within the required six-months period of the happening of the events upon which the action was predicated.

We are of the opinion that the petition set forth a cause of action for damages resulting from the continuous maintenance of a nuisance which could be abated at the will of its creator, but that it failed to allege the correct measure of damages and was deficient in that it did not clearly show a factual basis or furnish sufficient data from which the plaintiff's damages could be accurately calculated.

The measure of damages set forth in the petition was the difference between the market value of the plaintiff's property before and after the creation of the nuisance, whereas the correct measure of damages was such sum as would reasonably compensate the plaintiff for the hurt, inconvenience and damage in the use and enjoyment of the property caused by the nuisance being continuously maintained.

Where, as in this case, a petition fails to allege facts showing the correct measure of damages, it is ordinarily subject to special demurrer. *Zittrouer* v. *Zittrouer*, 43 *Ga. App.* 262 (2) (158 S. E. 437). And where the petition fails to furnish a factual basis upon which a judgment may be founded, it is subject to general demurrer, except where it affirmatively shows that the plaintiff has been damaged in some amount. *Elliott* v. *Cline*, 184 *Ga.* 393, 396 (6) (191 S. E. 372); *A. C. L. R. Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (3) (179 S. E. 125). In accord with the cases

referred to, the petition in this case, though open to attack by special demurrer, was not so to general demurrer. But the defendant filed no special demurrer and the general demurrer filed was upon the single ground that the petition affirmatively showed the plaintiff's cause to be barred by the statute of limitations, and hence no other question was thereby raised for consideration of the trial court or review by this court.

The defendant contends that the plaintiff's demand for damages was so vague and indefinite that it did not comply with the statute. While it appears to meet the requirements of the statute (Code § 69-308), the decision of that question is of no consequence since the defendant's demurrer did not challenge the sufficiency of the demand but merely raised the question as to whether it was given the defendant within the time prescribed by law. *Langley* v. *City Council of Augusta,* 118 *Ga.* 590 (11) (45 S. E. 486, 98 Am. St. R. 133); *Mayor &c. of Savannah* v. *Helmken,* 43 *Ga. App.* 84 (1) (158 S. E. 64).

*Judgment reversed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. My interpretation of the petition in this case, especially in view of the allegations as to damages and the prayer therefor, is that it is an action to recover damages for one single complete damage to the property. See *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724 (28 S. E. 994). My view in such conclusion is fortified by the ruling in *Farley* v. *Gate City Gas Light Co.,* 105 *Ga.* 323 (31 S. E. 193). In Division 5 of this case, the Supreme Court ruled on the question whether the trial judge erred in making a certain announcement by request of counsel for both parties. In this announcement the court stated that the diminution in the market value of property would not be an element for recovery in successive suits for a continuing nuisance. See bottom of page 333 and top of page 334. The court held that this announcement was not error. Construing the petition in this case to serve the best interests of the plaintiff in the absence of demurrer raising the particular question (see *Harbour* v. *City of Rome,* 54 *Ga. App.* 97, 187 S. E. 231), it follows that the petition should be construed as not one for damages based on the mere continuance or maintenance of a nuisance. The notice given to the city is notice of the same kind of action

as the petition contains and since it was not given within six months of the doing of the public work which allegedly caused the damage, the trial judge did not err in sustaining the demurrer and in dismissing the action.

The cases are very confusing on the question when a party must or may sue in one action for all damages and vice versa. I do not know that a definite rule can be gleaned from the decisions. It seems to me that under the facts of this case the court should hold that the public improvement shown in the petition is conclusively a permanent one and that the only remedy the plaintiff has is to sue for all damages in one action. See *Bainbridge Power Co.* v. *Ivey*, 41 *Ga. App.* 193 (1) (152 S. E. 306) for the rule as to when a nuisance is to be treated as permanent. Even if the plaintiff in this case had two remedies and had the right to elect between them, he has done so, in my opinion, and this court has no authority to treat the action as one for only partial damage. If the notice had been given in due time a special demurrer to the measure of damages could not have forced the plaintiff to change his cause of action from one seeking all damages at one time to an action for damages accruing within the four years preceding the filing of the action, assuming the plaintiff could bring either action. If he could only bring an action for full damage at one time, my conclusion is all the more nearly correct.