20994. VICKERS v. CITY OF FITZGERALD.

ARGUED SEPTEMBER 12, 1960—DECIDED NOVEMBER 15, 1960.

478

480

*Reinhardt & Ireland,* for plaintiff in error.

*McDonald & McDonald,* contra.

QUILLIAN, Justice. ■ "A lower riparian owner is entitled to have water flow upon his land in its natural state free from adulteration. *Code* §§ 85-1301, 105-1407; *Satterfield v. Rowan,* 83 Ga. 187 (2) (9 S. E. 677); *City of Elberton v. Hobbs,* 121 Ga. 749 (3) (49 S. E. 779); *Hodges v. Pine Product Co.,* 135 Ga. 134 (68 S. E. 1107); *Robertson v. Arnold,* 182 Ga. 664 (186 S. E. 806, 106 A. L. R. 681); *Cairo Pickle Co. v. Muggridge,* 206 Ga. 80 (55 S. E. 2d 562)." *Kingsley Mill Corp. v. Edmonds,* 208 Ga. 374 (2) (67 S. E. 2d 111). Under an application of the foregoing principles of law to the facts alleged in the petition, a cause of action was set forth for the recovery of damages and for the granting of the injunctive relief prayed.

■ A ground of the general demurrer especially insisted on is that the allegations of the petition disclose that the defendant city had emptied its sewage into the creek which feeds the peti-

tioner's lake for a period of more than twenty years and hence the petitioner's right to sue for damages arising from this practice is barred by the statute of limitations. The petition does contain the allegations to which reference is made by the general demurrer, but it is also therein related that the volume of the sewage emptied into the stream has been increased over a period of fifteen years; and that during the four-year period next preceding the filing of the suit, the volume of the sewage had been so increased as to contaminate and damage the lake and surrounding property. It is elementary that no cause for damages accrues until the plaintiff has been damaged. *Athens Manufacturing Co. v. Rucker,* 80 Ga. 291 (4 S. E. 885). The suit is for damages to the petitioner's property caused by the city's maintenance of a continuing private nuisance for the four-year period immediately preceding the date of the filing of the suit. "Where a nuisance is not of a permanent and continuing character, but such as a city may at will abate, a citizen has no right to assume that the same will be maintained indefinitely. His remedy therefore is, not to recover in one action all past and future damages, but to bring from time to time separate suits for recurring injuries sustained, instituting each within the period prescribed by the statute of limitations for taking steps to recover damages actually suffered up to the time the action is filed. *City Council of Augusta v. Lombard,* 101 Ga. 724 [28 S. E. 994]." *Holmes v. City of Atlanta,* 113 Ga. 961 (39 S. E. 458); *Farley v. Gate City &c. Co.,* 105 Ga. 323 (31 S. E. 193); *Massengale v. City of Atlanta,* 113 Ga. 966 (39 S. E. 578). "Although a suit for the *creation* of a nuisance may be barred by the statute of limitations, yet if the nuisance be of a continuing character which can and should be abated, suit may be brought for damages arising from its *maintenance.* In an action for the maintenance of a continuing nuisance, damages may be recovered resulting from such maintenance which accrued at any time within the period prescribed in the statute of limitations before the institution of the suit. In such an action the fact that the petitioner may allege damages, some of which are barred by the statute of limitations and others not, will not render the petition demurrable as to those which are not barred." *Gabbett*

*v. City of Atlanta,* 137 Ga. 180 (73 S. E. 372); *Monroe v. Mc-Cranie,* 117 Ga. 890 (46 S. E. 246).

■ As we have said, the practice of discharging raw, untreated sewage and other obnoxious matter into the tributary streams in quantities sufficient to pollute and contaminate the lake allegedly was begun within the four-year period next preceding the filing of the suit, not twenty years before the filing of the suit. *Code* § 85-402 enumerates the prerequisites for the acquisition of prescriptive title to real property. Chief among these is continuity of possession for a period of twenty years. This court has held this requirement of continuity applicable to any practice relied upon to vest in the prescriber the right to subject the lands of another to a particular burden or use. *City Council of Augusta v. Lombard,* 101 Ga. 724, supra; *Goble v. Louisville & Nashville R. Co.,* 187 Ga. 243 (200 S. E. 259); *Ellington v. Bennett,* 59 Ga. 286 (1877).

In passing upon this ground of the demurrer we have considered the plaintiff's contention that the petition charged the defendant city with maintaining a public nuisance and that the right to continue a public nuisance cannot be acquired by prescription. *Savannah, Florida & Western Ry. Co. v. Parish,* 117 Ga. 893 (45 S. E. 280); *City of Blue Ridge v. Kiker,* 189 Ga. 717 (7 S. E. 2d 237); 39 Am. Jur. 288, § 10; 40 A. L. R. 2d 1177, 1204. The petition fell short of describing a public nuisance, in that there is no allegation that from the points where the sewage was deposited by the defendant city the streams flowed through the lands owned by anyone other than the plaintiff, or that anyone other than he was damaged thereby. *Code* § 72-102; *Miller v. Coleman,* 213 Ga. 125 (3), 128 (97 S. E. 2d 313). Ground four of the general demurrer is without merit.

■ There is no merit in the contention that the petition discloses that the petitioner's cause of action is barred by laches. The petitioner did not institute the action until the end of the four-year period during which the damages sought accrued. However, nothing in the petition authorizes the inference that this delay, within the statute of limitations (*Code* § 3-1001), rendered the ascertainment of the truth referent to the facts upon which the suit was based more difficult, or in any way hin-

dered the defendant city in making its defense. *Code* § 37-119.

■ The contention is urged by the defendant city that the petition did not allege that the notice required by *Code Ann.* § 69-308 was given within six months of the happening of the event upon which the petitioner based his claim for damages. The notice alleged to have been given within six months from the expiration of the four-year period during which the nuisance continuously caused damage to the petitioner's property was given within the time prescribed by the statute. *City of Rome v. Rigdon,* 192 Ga. 742 (16 S. E. 2d 902), and the numerous cases there cited; *Nimmons v. City of LaGrange,* 94 Ga. App. 511 (95 S. E. 2d 314).

*Judgment reversed. All the Justices concur.*