## 32202. COX v. CAMBRIDGE SQUARE TOWNE HOUSES, INC.

JORDAN, Justice.

In February 1967, a storm drain system was installed in an apartment complex presently owned by the appellee. In June 1971, the appellant filed this suit alleging that the storm drain system greatly increased the flow of surface waters across his land and constituted a trespass for which he sought actual and punitive damages and a permanent injunction. Appellees moved to dismiss the action on the ground that appellant's claims were barred by the four year statute of limitation applicable to damage to realty (Code Ann. § 3-1001). Appellant made a cross motion for summary judgment on the issue of liability. The trial court, after reviewing the affidavits, interrogatories, and depositions on file, denied the appellant's cross motion and granted the appellee's motion. This was, in effect, a grant of summary judgment. See Code Ann. § 81A-112 (c).

This case amply demonstrates the confusion which has long existed as to when a nuisance, which is by its nature continuing, is considered "permanent."

This question inevitably arises in one of two contexts. One is where the suit is brought within four years of the creation of the nuisance, and the dispute is over whether the plaintiff may recover *prospective* as well as *past* damages. See *Bainbridge Power Co. v. Ivey,* 41 Ga. App. 193 (152 SE 306) (1929); *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486) (1903). The other class of cases consists of those in which the suit is filed more than four years after the creation of the nuisance, and the dispute centers around whether the action for damages is barred by the statute of limitation. See *City Council of Augusta v.*

*Lombard,* 101 Ga. 724 (28 SE 994) (1897); *Danielly v. Cheeves,* 94 Ga. 263 (21 SE 524) (1894); *Smith v. Dallas Utility Co.,* 27 Ga. App. 22 (2) (107 SE 381) (1921). The instant case belongs to this latter class of cases and it is in these cases that the determination of "permanency" has been most difficult.

In 1956, then-Chief Judge Felton remarked: "The cases are very confusing on the question when a party must or may sue in one action for all damages and vice versa. I do not know that a definite rule can be gleaned from the decisions. . . ." *Nimmons v. City of LaGrange,* 94 Ga. App. 511 (95 SE2d 314) (1956) (Felton, C.J., dissenting). Twenty-one years have passed since Justice Felton's comment, and after an exhaustive review of the cases it can safely be said that the statement is as true today as when it was written.

The Restatement of Torts sets out a rule which appears to be very similar in operation and effect to one suggested by Professor McCormick in 1923. See McCormick, Damages for Anticipated Injury to Land, 37 Harv. L. Rev. 574, 595 (1923). Section 930 of the Restatement provides in pertinent part: "(1) Where, by the maintenance of a structure on his own land or by acts and operations thereon, a person causes continuing or recurrent tortious invasions of the land of another, the other is entitled to recover for future violations if, and only if, it appears that (a) the situation will continue indefinitely and (b) it is incident to (i) an enterprise affected with a public interest, the operation of which as presently operated will not be enjoined, or (ii) other enterprises if the injured person so elects." The Restatement also provides that in cases such as those which fall within the provisions of § 930 (1) (b) (ii), the statute of limitation "does not run from the time of the first harm except as to the harm then caused." Restatement of Torts § 899 comment d. (1939).

The Restatement's approach to dealing with continuing nuisances is both comprehensive and workable, and although it appears never to have been adopted by any decision in this jurisdiction, a review of our cases reveals that its application would have produced the same results. The Restatement approach appears to be the

general rule and we adopt it. See, e.g., Reynolds Metal Co. v. Wand, 308 F2d 504 (9th Cir. 1962).

Applying the rule to the facts of the instant case presents no difficulty. Here the nuisance complained of, is a storm sewer installed by a private land owner. It is alleged that, as a result of the storm sewer, whenever heavy rains fall, the sewer empties great quantities of water into a creek which runs through the appellant's back yard. This is causing erosion of the banks of the creek and is slowly washing away the appellant's property. Since it clearly appears that this situation "will continue indefinitely" (Restatement § 930 (1) (a)), the appellant has the right to elect to treat the nuisance as temporary and sue for all those damages which have occurred within the past four years, or he may elect to sue for all future damages as well and put an end to the matter. In any event Code Ann. § 3-1001 does not preclude recovery for any damages save those which were suffered more than 4 years prior to the filing of the suit. Therefore, it was error to dismiss the suit.

The dismissal was error for another reason. Appellants sought a permanent injunction as well as damages. Code Ann. § 3-1001 will not preclude the grant of injunctive relief when the trespass is continuing in nature. Of course the appellant may not have both prospective damages and an injunction, but must at trial exercise his election to treat the nuisance here as continuing or permanent.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED MAY 25, 1977.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellant.

*Carter, Ansley, Smith & McLendon, James B. Gurley,* for appellee.